**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Silvia Gomez Salazar,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　Defendant. | No. CV-21-00743-PHX-DWL<br><br>**ORDER** |

Pending before the Court is the motion for an award of attorneys' fees under 42 U.S.C. § 406(b) (Doc. 24), submitted by Plaintiff's attorney, Nicole J. Franco ("Counsel").[1] For the following reasons, the motion is granted.

## BACKGROUND

On April 28, 2021, Plaintiff filed the complaint seeking review of a decision of the Commissioner of Social Security denying Plaintiff's application for Social Security Disability Insurance benefits for lack of disability. (Doc. 1.) A summons (Doc. 2) and scheduling order (Doc. 4) issued that same day.

On July 19, 2021, Plaintiff filed proof of service, indicating that the Commissioner was served via mailing on July 13, 2021. (Doc. 6.)

Due to various pandemic-related extension requests (Docs. 8, 13, 16), the matter did not become fully briefed until July 13, 2022. (Doc. 19.)

---

[1] On January 26, 2022, Plaintiff filed a notice substituting Franco, who is "Of Counsel to Olinsky Law Group" in place of previous counsel Dustin Paul Vidrine, who was also "Of Counsel to Olinsky Law Group," pursuant to LRCiv 83.3(b)(4). Thus, although Vidrine remains listed as a lead attorney on the docket, his representation ended long ago.

On March 7, 2023, the Court issued an order reversing the decision of the Administrative Law Judge and remanding the case for further proceedings. (Doc. 20.)

On June 2, 2023, the parties filed a stipulation for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 22.) The Court granted the stipulation and awarded Plaintiff $7,889.12 in attorneys' fees and $402.00 in costs, to be paid to Counsel, assuming no debt was owed under the Treasury Offset Program. (Doc. 23.)

On March 13, 2024, Counsel filed the pending motion for an award of attorneys' fees under 42 U.S.C. § 406(b). (Doc. 24.)

On March 26, 2024, the Commissioner filed a response that indicates that "because the Commissioner has no direct financial stake in the request and acts in a role resembling that of a trustee for the claimants, the Commissioner neither supports nor opposes Counsel's request for attorney's fees under 42 U.S.C. § 406(b)." (Doc. 25 at 3.)

**DISCUSSION**

Counsel attached to her motion a client-attorney fee agreement that provides for a contingency fee—Plaintiff agreed that the attorneys' fee could be up to 25% of all past-due benefits awarded to her. (Doc. 24-2 at 2.) This is unsurprising, as 25% contingency fee agreements are nearly ubiquitous in the context of social security appeals. *Gisbrecht v. Barnhart*, 535 U.S. 789, 802-04 (2002).

Section 406(b) "calls for court review" of contingency fee agreements. *Id.* at 807-08. "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* "Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

Counsel seeks $14,505.93 in § 406(b) fees. (Doc. 24-1 ¶ 7.) Counsel states that "[t]otal past-due benefits for Plaintiff were $86,823.70 based on the February 6, 2024 SSD Notice of Award for December 2016 through December 2023," that "[o]ne-fourth of the past-due benefits is $21,705.93," and that "[t]he hearing level representative's fee agreement was approved in the amount of $7,200.00." (*Id.* ¶¶ 4-6.) Although Counsel

- 2 -

does not explicitly state why she seeks $14,505.93, the Court notes that the amount she seeks is one-fourth of the past-due benefits minus the amount of the hearing level representative's fee.

As stated in the motion, the Notice of Award ("NOA") states that Plaintiff's "past-due benefits are $86,823.70 for December 2016 through December 2023." (Doc. 24-3 at 5.) However, the NOA goes on to state that "[u]nder the fee agreement, the representative cannot charge you more than $7,200.00 for his or her work." (*Id.*) Although the Court does not have a copy of the fee agreement, the Court suspects that this statement in the NOA could be better understood with some additional context.

"As presently written, the Social Security Act discretely addresses attorney's fees for the administrative and judicial-review stages: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Culbertson v. Berryhill*, 586 U.S. 53, 55 (2019) (cleaned up).

Under § 406(a)(1), "[t]he Commissioner of Social Security may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Commissioner of Social Security under this subchapter, and any agreement in violation of such rules and regulations shall be void. Attorneys who represent Social Security claimants in administrative proceedings may be compensated in one of two ways pursuant to this statute. First, [pursuant to § 406(a)(1)], an attorney who represents a successful claimant may petition the Commissioner to fix 'a reasonable fee to compensate such attorney for the services performed by him in connection with such claim.' The statute does not cap the fees available by petition." *Lowry v. Comm'r, Soc. Sec. Admin.*, 231 F. Supp. 2d 981, 982-83 (D. Or. 2001) (cleaned up). *See also Culbertson*, 586 U.S. at 59 ("If there is no fee agreement, the agency may set any fee, including a fee greater than 25% of past-due benefits, so long as the fee is 'reasonable.'"). "Second, [pursuant to § 406(a)(2)], under certain circumstances, an attorney may enter into a fee agreement with a client who claims past-due benefits." *Lowry*, 231 F. Supp. 2d at 983. The fees available under such a fee agreement are capped

at "the lesser of" 25% of the past due benefits or "$4,000," although the Commissioner "may from time to time increase the dollar amount." 42 U.S.C. § 406(a)(2)(A). The current cap is $7,200.00. Social Security Administration, *Maximum Dollar Limit in the Fee Agreement Process*, 87 Fed. Reg. 39157-01 (June 30, 2022) at *39157 ("Effective November 30, 2022, we may approve fee agreements up to the new dollar limit, provided that the fee agreement otherwise meets the statutory conditions of the agreement process."). The statute specifies that "the fee specified in the agreement shall be the maximum fee." 42 U.S.C. § 406(a)(2)(A).

This "maximum fee," however, is applicable only to fees for representation before the Commissioner, governed by § 406(a). Fees for representation before the Court, governed by § 406(b), are separate and not subject to the $7,200.00 cap.

"Subsection (a)(4) requires the agency to withhold up to 25% of past-due benefits for direct payment of any fee for representation before the agency: '[I]f the claimant is determined to be entitled to past-due benefits under this subchapter and the person representing the claimant is an attorney, the Commissioner of Social Security shall . . . . certify for payment out of such past-due benefits . . . to such attorney an amount equal to so much of the maximum fee as does not exceed 25 percent of such past-due benefits.'" *Culbertson*, 586 U.S. at 56 (citation omitted). A similar provision appears in subsection (b)(1)(A), permitting (but not requiring) the agency to withhold up to 25% of past-due benefits for direct payment of any fee for representation before the court, but not subject to any "maximum fee." *Id*. at 61.

The statutory text of § 406 "differentiates between agency representation in § 406(a) and court representation in § 406(b), contains separate caps on fees for each type of representation, and authorizes two pools of withheld benefits," such that "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)." *Culbertson*, 586 U.S. at 61-62. Although "presently the agency withholds a single pool of 25% of past-due benefits for direct payment of agency and court fees," "the amount of past-due benefits that the agency can withhold for

- 4 -

direct payment does not delimit the amount of fees that can be approved for representation before the agency or the court." *Id.*

In light of the above discussion, the NOA's assertion that "[u]nder the fee agreement, the representative cannot charge you more than $7,200.00 for his or her work" (Doc. 24-3 at 5) is incomplete. Although Plaintiff's *representative before the Commissioner* (who may or may not have been Counsel) could not charge more than $7,200.00 *for work done before the Commissioner*, Plaintiff's *representative before the Court* was not subject to this cap.

Also incomplete is the NOA's assertion that the agency "will still withhold the rest, $14,505.93, in case your lawyer asks the Federal Court to approve a fee for work that was done before the Court." The NOA did not explain that the agency was, in accordance with the agency's discretionary "choice to withhold only one pool of 25% of past-due benefits," *Culbertson*, 586 U.S. at 61, withholding the amount required under § 406(a)—$7,200.00—and some but not all of the amount permitted under § 406(b)—an additional 25% of the past-due benefits, or $21,705.93.

At any rate, even without the benefit of viewing the fee agreement referenced in the NOA, the Court is satisfied that the assertion in the NOA that the representative cannot charge more than $7,200.00 could not have been meant to apply to Counsel's recovery of § 406(b) fees. This conclusion appears to be supported by the Commissioner's non-opposition to Counsel's fee application.

Finally, under § 406(b), the Court must determine whether it is appropriate to reduce the requested sum of $14,505.93 "based on the character of the representation and the results the representative achieved" by assessing, for example, whether Counsel is "responsible for delay" or whether "the benefits are large in comparison to the amount of time counsel spent on the case."[2] *Id.* at 808. Counsel included a record of the hours spent

---

[2] This determination does not equate to use of the lodestar method. *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) ("The lodestar method under-compensates attorneys for the risk they assume in representing SSDI claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement. A district court's use of the lodestar to determine a reasonable fee thus ultimately works to the disadvantage of SSDI claimants who need counsel to recover any

representing Plaintiff. (Doc. 24-4.) Having reviewed the timesheet, the Court notes that Counsel exercised judgment and restraint by billing "zero" for certain compensable tasks. Furthermore, the Court finds no fault with the character of the representation or the results Counsel achieved. Although there were some lengthy delays early in the case, the Court is satisfied that they were not excessive, particularly given that they arose during the pandemic. Finally, as discussed above, Counsel seeks $7,200 less than what she could seek under the federal court fee agreement (Doc. 24-2) and *Culbertson*, which the federal court fee agreement references. This restraint may be responsive to *Culbertson*'s closing remark: "Any concerns about a shortage of withheld benefits for direct payment and the consequences of such a shortage are best addressed to the agency, Congress, or the attorney's good judgment." 586 U.S. at 62.

Accordingly,

**IT IS ORDERED** that the motion for an award of attorneys' fees (Doc. 24) is **granted**. Counsel is entitled to $14,505.93 in attorneys' fees. Upon receipt of payment, Plaintiff's counsel shall refund the EAJA fee received in this matter to Plaintiff.

Dated this 10th day of July, 2024.

_____
Dominic W. Lanza
United States District Judge

---

past-due benefits at all.").